IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CHRISTOPHER AARON PHILLIPS,**

Petitioner,

v.                                                  CIVIL ACTION NO. 2:16cv150
                                                         CRIMINAL ACTION NO. 2:11cr198

**UNITED STATES OF AMERICA,**

**Respondent.**

*MEMORANDUM OPINION AND ORDER*

Christopher Aaron Phillips ("Petitioner") has submitted a Motion pursuant to Title 28, United States Code, Section 2255 to Vacate and Correct Sentence ("§ 2255 Motion"). Having thoroughly reviewed the Parties' filings in this case, the Court finds this matter is ripe for judicial determination. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On October 26, 2011, the United States Attorney's Office ("Respondent") filed a criminal complaint against Petitioner. ECF No. 4. On February 8, 2012, an Eastern District of Virginia Grand Jury returned an indictment charging Petitioner with seven counts. ECF No. 30. On May 8, 2012, Petitioner pled guilty to count two of the indictment. ECF No. 47. Count two charged Petitioner with the possession and transfer of machine guns, in violation 18 U.S.C. § 922(o). ECF No. 30. On September 6, 2012, the Court sentenced Petitioner to a term of sixty-three months imprisonment on count two. ECF No. 61.

On March 25, 2016, Petitioner filed a pro se Motion to Vacate Sentence under 28 U.S.C. § 2255 ("§ 2255"). ECF No. 65. On July 8, 2016, the Court ordered the Federal Public

Defender to represent Petitioner in this matter. ECF No. 66. On September 2, 2016, the Federal Public Defender responded to the Court's order and rested on the arguments in Petitioner's § 2255 Motion. ECF No. 69. On September 2, 2016, Respondent responded to Petitioner's § 2255 Motion. ECF No 70.

In his § 2255 Motion, Petitioner "challenge[s] the violence category associated with this charge." Petitioner argues that his conviction is partially due to the Court placing him in a "violence category" that is no longer valid in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate 4, ECF No. 65.

In response, Respondent argues that "Petitioner's case is unaffected by the *Johnson* decision." Resp. 3, ECF No. 70.

## II. LEGAL STANDARDS

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Section 2255 of Title 28 of the United States Code governs post-conviction relief for federal prisoners. It provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Whether a hearing is mandatory for a § 2255 Motion and whether petitioner's presence is required at the hearing is within the district court's sound discretion and is reviewed for abuse of discretion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487 (1962)).

### III. DISCUSSION

The threshold issue for the Court is whether Petitioner's § 2255 Motion is timely under § 2255(f)(3). A § 2255 motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The beginning date for that one-year limitations period is not universal, but is dependent upon the motion's allegations. Petitioner's § 2255 Motion is not timely under § 2255(f)(1) because he filed more than one year after his judgment of conviction became final. The motion is not timely under § 2255(f)(2) because Petitioner alleges no unlawful governmental action that prevented him from filing the § 2255 Motion. The motion is not timely under § 2255(f)(4) because Petitioner provides no evidence of newly discovered facts that would affect his sentence. By claiming relief under the new right recognized in *Johnson*, Petitioner seems to imply that his motion is timely under subsection (f)(3).

Section 2255(f)(3) states that the one-year time limit begins on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court recognized a new right in *Johnson v. United States*. In *Johnson*, the Court held that the residual clause of 18 U.S.C. 924(e)(2)(B)(ii), part of the Armed Career Criminal Act (ACCA), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557-58. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Court made that right retroactive to cases on collateral review. *Welch*, 136 S. Ct. at 1265. The question raised by the instant motion is whether Petitioner's conviction and/or sentence is affected by the right recognized in *Johnson* and made retroactive in *Welch*. The Court finds that neither is so affected.

The Court in *Johnson* addressed the unconstitutional vagueness of the "violent felony" definition in 18 U.S.C. § 924(e)(2)(B)(ii). However, Petitioner in this case was convicted under 18 U.S.C. § 922(o) and penalized under 18 U.S.C. § 924(a)(2), neither of which was discussed in *Johnson*, and neither of which references § 924(e) or any language similar to the language rendered void in *Johnson*. Likewise, none of the United States Sentencing Guidelines (U.S.S.G.) under which the Court calculated Petitioner's imprisonment range references § 924(e) or any language similar to the language rendered void in *Johnson*.[1] In sum, the *Johnson* decision has no effect on Petitioner's conviction or sentence. Accordingly, Petitioner's § 2255 Motion is not timely.

---

[1] *See* U.S.S.G. §§ 2K2.1(a)(5), 2K2.1(b)(1)(D), 2K2.1(b)(3)(B), 2K2.1(b)(4)(B).

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate and Correct Sentence is **DENIED.**

Additionally, Petitioner has not set forth a specific issue that demonstrates a substantial showing of the denial of a constitutional right. Therefore, pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Petitioner and to the United States Attorney.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 11, 2016

Raymond A. Jackson
United States District Judge

5